Lynda T. Bui - Bar No. 201002
Timothy K. McMahon - Bar No. 342843
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: LBui@shulmanbastian.com
TMcmahon@shulmanbastian.com

Attorneys for Charles W. Daff,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**ANGELA LYNN POTTS-RANDLE aka ANGELA L. RANDLE fka ANGELA L. POTTS,**<br><br>　　　　　Debtor.<br><br>**CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of ANGELA LYNN POTTS-RANDLE aka ANGELA L. RANDLE fka ANGELA L. POTTS,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**GREGORY N. RANDLE, an individual.**<br><br>　　　　　Defendant. | Case No. 6:25-bk-12880-RB<br><br>Chapter 7<br><br>Adv. No.<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT TO:**<br><br>**(1) AVOID AND RECOVER INTENTIONAL FRAUDULENT TRANSFER; [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07]**<br><br>**(2) AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; AND**<br><br>**(3) UNJUST ENRICHMENT** |

Charles W. Daff, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Angela Lynn Potts-Randle, aka Angela L. Randle fka Angela L. Potts ("Debtor") in the above-captioned bankruptcy case, alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. This adversary proceeding arises out of and is related to Debtor's bankruptcy case, which was commenced through the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code by Debtor on May 1, 2025 ("Petition Date") in the United States Bankruptcy Court, Central District of California, Riverside Division.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt of less than $25,000.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

5. To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II. PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Trustee for Debtor's Estate.

7. Plaintiff is informed and believes and thereon alleges that Defendant Gregory N. Randle ("Defendant"), is and was at all times relevant herein, an individual residing in the County of Riverside, State of California. Plaintiff is further informed and believes and thereon alleges that Defendant was the Debtor's former spouse.

///

///

### III. GENERAL ALLEGATIONS

8. On May 1, 2025, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

9. Charles W. Daff is the duly appointed, qualified and acting Chapter 7 trustee in the Debtor's bankruptcy case.

10. Plaintiff is informed and believes and thereon alleges that the Debtor owned a joint ownership interest in the real property located at 53615 Avenida Mendoza, LA Quinta, CA 92253 ("Property") since 1998.

11. The Debtor listed an ownership interest in the Property in her Bankruptcy Schedules A/B, valued it at $450,000 total and $225,000 as her portion.

12. Plaintiff believes and therefore alleges that prior to September 2024, the Debtor and the Defendant both held title in the Property as joint tenants.

13. Plaintiff is informed and believes and thereon alleges that pursuant to an Interspousal Transfer Deed recorded on or around September 24, 2024 (the "Transfer Deed"), the Debtor transferred her joint tenant interest in the Property to the Defendant (the "Transfer") without any documentary transfer tax. According to the Transfer Deed, the Defendant became the sole title owner of the Property.

14. Plaintiff is informed and believes and thereon alleges that the Defendant acquired the Debtor's interest in the Property without providing any consideration thereto, and the Transfer did not occur pursuant to a court approved divorce/separation decree.

15. Plaintiff is informed and believes and thereon alleges that the Transfer between the Debtor and Defendant was an attempt to fraudulently shield or diminish the value of the Debtor's assets in an attempt to defraud creditors and/or was made for substantially less than fair value.

///
///
///

## IV. **FIRST CLAIM FOR RELIEF**

### Avoidance and Recovery of Intentional Fraudulent Transfer

**[11 U.S.C. § 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et. seq.]**

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

17. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

18. Plaintiff is informed and believes and based thereon alleges that the Transfer was made to the Debtor's former spouse, who is an insider of the Debtor.

19. Plaintiff is informed and believes and based thereon alleges that the Transfer was for substantially all of the Debtor's assets.

20. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent or became insolvent shortly after the Transfer was made.

21. Plaintiff is informed and believes and based thereon alleges that the Transfer was made for no consideration.

22. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay and defraud creditors, including the Plaintiff.

23. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.07, 3439.09.

24. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendants or from whom entity for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee pursuant to 11 U.S.C. §§ 550, 551.

///

///

///

## V.     SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfer**

**[11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et. seq.]**

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them in this Paragraph by reference.

26. Plaintiff is informed and believes and based thereon alleges that the Transfer was made: (i) for less than reasonably equivalent value to Debtor or any value in exchange for said Transfer, (ii) while the Debtor was engaged or about to engage in a business transaction for which the remaining assets were unreasonably small in relation to the business or the transaction; (iii) while the Debtor intended to incur, or believed or reasonably should have believed she would incur, debts beyond her ability to pay them as they became due; and/or (iv) by the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

27. Plaintiff is informed and believes and based thereon alleges that the Transfer was a fraudulent transfer avoidable under Bankruptcy Code Sections 544, 548 and California Civil Code Sections 3439.04, 3439.05, 3439.07, 3439.09.

28. Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendant or from whom entity for whose benefit the Transfer was made, or any additional subsequent transferee pursuant to 11 U.S.C. §§ 550, 551.

## VI.     THIRD CLAIM FOR RELIEF

**Unjust Enrichment [11 U.S.C. § 105]**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 and incorporates them in this Paragraph by reference.

30. Defendant received a benefit through the Transfer and Defendant's retention of the Transfer and/or the value of the Transfer results in unjust retention of said benefit at the Estate's expense.

///

///

///

## VII. **PRAYER**

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment as follows:

1. The Transfer is avoided and recovered under 11 U.S.C. § 544, 548, 550, 551 and/or Cal. Civ. Code §§ 3439 *et seq.*;

2. The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. Disallowance of any claims of the Defendant if he fails or refuses to turn over the Property, and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

4. If appropriate, for an award of attorney's fees along with costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED: November 11, 2025    By:    /s/ Lynda T. Bui
Lynda T. Bui
Timothy K. McMahon
Attorneys for Charles W. Daff, Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CHARLES W. DAFF, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of ANGELA LYNN POTTS-RANDLE aka ANGELA L. RANDLE fka ANGELA L. POTTS | **DEFENDANTS**<br>GREGORY N. RANDLE, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>Lynda T. Bui, Esq.<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO: (1) AVOID AND RECOVER INTENTIONAL FRAUDULENT TRANSFER; [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07] (2) AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; AND (3) UNJUST ENRICHMENT

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ [1] 13-Recovery of money/property - §548 fraudulent transfer
☒ [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ [3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Angela Lynn Potts-Randle | BANKRUPTCY CASE NO.<br>6:25-bk-12880-RB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Magdelana Reyes Bordeaux | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Lynda T. Bui | | | |
| DATE<br>11/11/25 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lynda T. Bui | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.